# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-02138-SCT

*DELTA HEALTH GROUP, INC., SCOTT J. BELL,
SHARON SAUERWEIN, NORA SEGUES AND
SHELBY NURSING, REHABILITATION CENTER
f/k/a CHATEAU MANOR NURSING CENTER AND
PENSACOLA HEALTH TRUST*

*v.*

*THE ESTATE OF ELLEN POPE, BY AND
THROUGH JAMES PAYNE, INDIVIDUALLY AND
AS THE PERSONAL REPRESENTATIVE, FOR
THE USE AND BENEFIT OF THE ESTATE OF
ELLEN POPE, AND ON BEHALF OF AND FOR
THE USE AND BENEFIT OF THE WRONGFUL
DEATH BENEFICIARIES OF ELLEN POPE*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/30/2006 |
| TRIAL JUDGE: | HON. KENNETH L. THOMAS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | GAYE NELL LOTT CURRIE |
| | NICOLE COLLINS HUFFMAN |
| | LYNDA CLOWER CARTER |
| | BENJAMIN NOAH PHILLEY |
| ATTORNEYS FOR APPELLEE: | DOUGLAS BRYANT CHAFFIN |
| | ANTHONY LANCE REINS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/02/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### RANDOLPH, JUSTICE, FOR THE COURT:

¶1.    Ellen Pope was a resident of Shelby Nursing and Rehabilitation Center ("Shelby"), f/k/a/ Chateau Manor Nursing Home, from approximately June 15, 1997, until her death on January 12, 2004.

¶2.    On August 25, 2004, Pope's great-nephew, James Payne, filed a wrongful-death suit against Delta Health Group, Inc; Scott J. Bell; Sharon Sauerwein; Nora Pegues; Pensacola Health Trust, Inc.; John Does 1 through 10; and Unidentified Entities 1 through 10 (as to Shelby Nursing and Rehabilitation Center f/k/a Chateau Manor Nursing Center) (all Defendants will be referred to collectively as "Delta"). The complaint incorrectly stated that Payne was the *nephew* of Pope. The suit was filed on behalf of "[t]he Estate of Ellen Pope, by and through James Payne, Individually and as the Personal Representative, for the use and benefit of the Estate of Ellen Pope, and on behalf of and for the use and benefit of the wrongful death beneficiaries of Ellen Pope." The complaint asserted negligence, medical malpractice, gross negligence, fraud, wrongful death and breach of fiduciary duty arising out of Pope's time at Shelby. It is undisputed that at the time this suit was commenced, no estate had been opened on behalf of Pope.

¶3.    On or about March 14, 2005, nearly seven months after filing the complaint, Payne filed a Petition for Letters of Administration. In his Petition, Payne falsely testified that he was the nephew of Pope, as Payne's mother, Viola Ross, was Pope's *sister*. The Petition for Letters of Administration was granted by the Chancery Court of Bolivar County, Second Judicial District, on April 14, 2005.

¶4.    To the contrary, on November 9, 2005, Payne testified in a deposition that he was Pope's *great-nephew*. Payne further testified that Viola Ross was actually Payne's

2

grandmother and that Payne's mother was a niece of Pope. Discovery further revealed that at the time of her death, Pope had no living spouse, children, parent or siblings and therefore, no individuals who could be classified as a wrongful-death beneficiary of Pope.

¶5.     Subsequent to this information being revealed in discovery, on October 6, 2006, Delta filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment for Lack of Standing. Delta averred in these pleadings that Payne lacked standing to assert claims on behalf of the Estate of Pope, and further that Payne did not qualify as a wrongful-death beneficiary pursuant to Mississippi Code Annotated Section 11-7-13 (Rev. 2004), as he was the "merely the son of one of Ellen Pope's surviving nieces."

¶6.     Prior to Delta's motion being ruled upon, Payne filed a Motion to Substitute on November 8, 2006. Payne asserted he had standing to bring the action for the following reasons:

1)    This suit was filed on behalf of The Estate of Ellen Pope, by and through James Payne, Personal Representative for the use and benefit of the Estate of Ellen Pope, and on behalf of the wrongful-death beneficiaries of Ellen Pope.
2)    Letters of Administration were issued to James Payne by the Chancery Court of Bolivar County, Mississippi, appointing him the Administrator of the Estate of Ellen Pope.[1]
3)    The Estate of Ellen Pope, by and through James Payne, Administrator, is the appropriate party to bring the above styled action.

¶7.     On the same day, the trial court entered an Order of Substitution for reasons mirroring those in Payne's motion. On December 1, 2006, the trial court denied Delta's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. The trial court found that

---

[1]Payne also listed himself as the nephew of Pope in his Petition for Letters of Administration.

"James Payne had standing to file the subject lawsuit and/or properly substituted himself as the Administrator of the Estate of Ellen Pope, deceased."

¶8.    From this denial, Delta filed its Petition for Interlocutory Appeal and Motion to Stay Proceedings, which was granted on January 26, 2006. Delta presents the following issues to the Court:

I.    Whether the trial court erred in holding that James Payne had standing to file the complaint.

II.    Whether the trial court erred in allowing James Payne, as Administrator, to be substituted as the proper party plaintiff in a null and void complaint.

III.    Whether the trial court erred in denying Delta's Motion to Dismiss.

## STANDARD OF REVIEW

¶9.    "This Court reviews de novo a trial court's grant or denial of a motion to dismiss."

***Cmty. Hosp. v. Goodlett,*** 968 So. 2d 391, 396 (Miss. 2007) (citations omitted).

## ANALYSIS

**I.    Whether the trial court erred in holding that James Payne had standing to file the complaint.**

¶10.    Delta submits to this Court that Payne lacked standing to bring suit not only because he was not the personal representative of the Estate at the time the complaint was filed, but because Payne was not a wrongful-death beneficiary pursuant to Mississippi Code Annotated Section 11-7-13 (Rev. 2004). Delta logically asserts that a necessary prerequisite for filing any lawsuit is that the Plaintiff must have standing to assert the claims contained in the complaint, and that "because Payne had no legal authority to file this lawsuit, and because no estate existed at the time suit was filed, the trial court's rulings are contrary to the law and should be reversed."

4

¶11.    Payne counters by asserting to this Court that "[t]he Estate was, at all material times in this lawsuit, the proper party." Additionally, Payne submits that he was properly substituted pursuant to Mississippi Rule of Civil Procedure 17(a).[2]

¶12.    It is undisputed that when this complaint was filed, no estate had been opened on behalf of Ellen Pope. This Court has held, "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced. . . ." ***Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc.,*** 437 So. 2d 15, 16 (Miss. 1983) (citations omitted). The complaint was filed on August 25, 2004, and Payne did not file his Petition for Letters of Administration until February 11, 2005. ***Long v. McKinney*** requires that, "[i]n the event the litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court." ***Long v. McKinney,*** 897 So. 2d 160, 174 (Miss. 2004). The record is clear that at the time of the filing of the complaint, no estate had been opened on behalf of Pope, thus Payne was not the administrator of a non-existent estate. Mississippi Code Annotated Section 91-7-233 (Rev. 2004) holds that "[e]xecutors, administrators, and

---

[2]Mississippi Rule of Civil Procedure 17(a) holds:
Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for objection for ratification of the commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

5

temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted." Payne held none of the offices mentioned therein when suit was commenced.

¶13.    The United States Supreme Court has ruled that "standing is to be determined as of the *commencement* of suit." ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 571, 112 S. Ct. 2130, 2142, 119 L.Ed. 2d 351, 371 (U.S. 1992) (emphasis added). The fact that Payne subsequently was appointed as administrator does not change the undisputable fact that Payne lacked standing to *commence* the suit.

¶14.    Additionally, this action cannot rightfully proceed as Payne has no standing as a wrongful-death beneficiary of Pope. Mississippi Code Annotated Section 11-7-13 (Rev. 2004) holds that an action for damages in a wrongful-death suit may be brought:

> in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit. . . .

¶15.    The Legislature failed to confer standing on a great-nephew. *See **Nat'l Heritage Realty, Inc. v. Boles,*** 947 So. 2d 238, 245 (holding a cousin is not a wrongful-death beneficiary pursuant to Miss. Code Ann. § 11-7-13). Since Payne did not qualify as a wrongful-death beneficiary or as an officer of an estate, he unequivocally lacked standing to commence an action. This Court is without authority to expand the enunciated beneficiaries

by granting standing to a great-nephew and empowering him with a legal right to commence suit.

¶16.    A distant relative such as Payne is not empowered to exercise rights restricted to close family members by the Legislature or persons approved by a chancery court, even pre-commencement of suit.  Were this Court to allow such a scenario, any person could commence an action, toll the statute of limitations, open an estate when convenient, and during the interim, keep the courthouse door open until a real party in interest, that is, one who has suffered injury and is entitled to remedy, appears before the bench and bar for relief. To allow a great-nephew without standing to commence the action is not only violative of the law long established by our Legislature, which determines who may bring a wrongful-death action, whether by kinship or through an estate, but also subverts our Rules of Civil Procedure.  Accordingly, we find Payne, at the time of filing of the complaint, lacked *locus standi*.

¶17.    Accordingly, we find the circuit court erred by denying Delta's motion to dismiss, and we reverse the decision of the trial court and remand to the trial court for entry of an order consistent with this opinion.

¶18.    **REVERSED AND REMANDED.**

    **SMITH, C.J., WALLER, P.J., CARLSON, DICKINSON AND LAMAR, JJ., CONCUR.  EASLEY, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J.,  AND IN PART BY GRAVES, J.**

    **EASLEY, JUSTICE, DISSENTING:**

7

¶19. As I would affirm the trial court's denial of Delta Health's motion to dismiss and the trial court's grant of Payne's motion to substitute, I dissent from the majority's opinion.

## I.

¶20. The standard of review for a trial court's grant or denial of a motion to dismiss is de novo. *Cmty. Hosp. v. Goodlett*, 968 So. 2d 391, 396 (Miss. 2007) (citing *Penn Nat'l Gaming, Inc. v. Ratliff*, 954 So. 2d 427, 430 (Miss. 2007)). "When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Id*. (quoting *Penn Nat'l*, 954 So. 2d at 430-31).

## II.

### A. Standing.

#### 1. Wrongful-Death Beneficiary.

¶21. The defendants assert that Payne lacked standing to file the lawsuit because he was not a wrongful-death beneficiary pursuant to Mississippi Code Annotated Section 11-7-13 (Rev. 2004). Payne argues that the suit was brought by the Estate and not by Payne in an individual capacity. In addition, Payne argues that the issue is who can bring a lawsuit and not whether Payne may recover from the Estate.

¶22. In the complaint, the petition for letters of administration, and the decree granting letters of administration, Payne was identified as the "nephew" of Pope. However, during his deposition, Payne stated that Pope was his great-aunt. He also stated that his

8

grandmother, Viola Ross, was Pope's sister, and his mother, Ellen Payne, was Pope's niece. When Pope died, she had no husband, no children, no living sibling, and no living parents.

¶23. Mississippi Code Annotated Section 11-7-13 states, in part:

> The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit
> . . . .

¶24. Based on the language of Mississippi Code Annotated Section 11-7-13, Payne is not a statutory wrongful-death beneficiary. *See also Long v. McKinney*, 897 So. 2d 160 (Miss. 2004). However, whether Payne is a wrongful-death beneficiary and may recover from the Estate is of no consequence. The defendants cite *National Heritage Realty, Inc. v. Estate of Boles*, 947 So. 2d 238 (Miss. 2006), asserting that a person has no standing to assert claims in a complaint when that person is not a statutory wrongful-death beneficiary. In *Boles*, this Court simply found that an estate was opened in an incorrect county and, therefore, the estate could not be transferred to another county. *Id*. at 251.

### 2. Personal Representative of the Estate.

¶25. Mississippi Code Annotated Section 91-7-233 states:

> Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted. They shall also be liable to be sued in any court in any personal action which might have been maintained against the deceased.

9

¶26.    The defendants argue that Payne lacked standing to file the lawsuit pursuant to Section 91-7-233.  The defendants base this argument on the fact that there was no estate at the time of filing the complaint, that the letters of administration were filed more than seven months after the complaint was filed, and that Payne was not appointed the administrator of the Estate by the chancery court until eight months after the complaint was filed.  Therefore, the defendants assert that Payne had no standing at the time he filed the complaint.

¶27.    Payne argues that the lawsuit was not brought by him in his individual capacity. Payne contends that a personal representative may bring suit for the benefit of all parties concerned.  *See* Miss. Code Ann. § 11-7-13 (Rev. 2004).  Further, Payne argues that, as the administrator of the Estate, he was permitted to bring suit on behalf of an estate.  *See* Miss. Code Ann. § 91-7-233 (Rev. 2004).

¶28.    Mississippi Code Annotated Section 91-7-233 provides that an administrator may bring a suit on behalf of an estate.  Therefore, a personal representative is a proper party to bring a wrongful-death suit.

### III.

**B.    Substitution.**

¶29.    The defendants argue that the complaint was null and void from its filing.  Therefore, the plaintiff's motion to substitute Payne as the administrator,  pursuant to Mississippi Rule of Civil Procedure 17(a), had no legal effect.

¶30. Payne argues that Rule 17(a) mandates that dismissal is inappropriate. In addition, Payne relies on *Methodist Hospital of Hattiesburg, Inc. v. Richardson*, 909 So. 2d 1066 (Miss. 2005) (*Richardson II*), for authority. Rule 17(a) states:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his representative capacity without joining with him the party for whose benefit the action is brought. **No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.**

(Emphasis added). Rule 17(a) "provides for a reasonable time upon objection for joinder of the real party in interest." *Richardson II*, 909 So. 2d at 1072.

¶31. By way of background, this Court previously handed down *Richardson v. Methodist Hospital of Hattiesburg, Inc.*, 807 So. 2d 1244 (Miss. 2002) (*Richardson I*). In *Richardson I*, Linda Richardson filed a wrongful-death claim against Methodist for the death of her mother, Vivian Wheeless. *Richardson I*, 807 So. 2d at 1245. This Court affirmed the trial court's decision to grant summary judgment on the wrongful-death claim. *Id*. at 1248. In addition, this Court also determined that, while a survival statute was not set out in the complaint, there was a claim and reversed and remanded on that issue. *Id*.

¶32. In *Richardson II*, Methodist filed a motion to dismiss or for summary judgment, claiming that even though the Supreme Court reversed and remanded on the survival claim, the real party of interest, the Estate of Vivian Wheeless, was not a party to the action.

11

*Richardson II*, 909 So. 2d at 1068. The circuit court granted the motion for summary judgment, reasoning that since all the wrongful-death claims were dismissed, the wrongful-death beneficiaries were not the proper parties to bring the survival claim, as an estate had never been opened. *Id*. Three days later, Richardson petitioned the Chancery Court of Lamar County to open an estate for Wheeless and to appoint Richardson as administratrix. *Id*. The chancellor granted letters of administration to Richardson. *Id*. By separate order, the chancellor also allowed Richardson to join the circuit court case on behalf of the Estate of Vivian Wheeless. *Id*. Thereafter, Richardson filed an amended complaint with the circuit court. *Id*. The circuit court issued an order acknowledging the amended complaint and permitting the filing. *Id*. at 1069 n.2. The hospital filed a motion to strike the plaintiff's amended complaint or, in the alternative, motion for summary judgment claiming, in part, that the Estate was a "stranger" to the litigation. *Id*. On appeal, this Court held that "Richardson, as Administratrix, properly ratified and joined the action by amended complaint within a reasonable time after" the hospital's objection. *Id*. at 1073.

¶33. Payne filed a motion to substitute the real party in interest within a reasonable time after the defendants' objection. The complaint was filed, Payne became administrator, and an estate was in existence, all within the two-year statute of limitations. Within a month of the defendants' motions, the circuit court permitted substitution of the real party in interest. Therefore, the circuit court did not err by denying the defendants' motion to dismiss or for summary judgment, and granting Payne's motion for substitution.

**IV**.

12

**C.** **Statute of Limitations.**

¶34. The defendants assert that the Estate's claims should be dismissed with prejudice because the action is barred by the two-year statute of limitations, and no valid complaint was filed. *See* Miss. Code Ann. § 15-1-36(2) (Rev. 2003) (medical malpractice). Again, the trial court did not err by denying the defendants' motion to dismiss or for summary judgment, and granting Payne's motion for substitution. Payne filed the complaint within the two-year statute of limitations. In addition, Payne filed a motion for substitution within a reasonable time. The trial court allowed Payne to substitute himself as Administrator of the Estate of Ellen Pope.

**V.**

¶35. For the foregoing reasons, I dissent from the majority and would affirm the finding of the Circuit Court of Bolivar County that the trial court did not err by denying the defendants' motion to dismiss or for summary judgment and granting Payne's motion to substitute.

**DIAZ, P.J., JOINS THIS OPINION. GRAVES, J., JOINS THIS OPINION IN PART.**