KITCHENS, Justice,
Concurring in Part and in Result:
¶ 43. I agree that summary judgment was improper because Mr. Burley was not prohibited from initiating this wrongful-death action as an interested party. However, I disagree with the decision’s implication that a cause of action belonging to an intestate estate cannot exist until an administration has begun.
¶ 44. Relying on Delta Health Group, Inc. v. Estate of Pope, 995 So.2d 123, 126 (Miss.2008), the majority concludes that “[a]s no estate had been opened at the time the complaint was filed, Burley could not have been the administrator of nonexistent estates.” Maj. Op. at 1020. I respectfully disagree with this rationale, for an estate does not come into existence upon commencement of an administration in chancery court. The estates of Joshua and Jakura existed before their grandfather was granted letters of administration, as did any and all causes of action belonging to these estates. The flaw of today’s decision, and that of Pope, is in their implication that a cause of action belonging to the estate of a decedent cannot come into being until administration of the estate has begun. See Pope, 995 So.2d at 125 (“a right of action must be complete when an action therefor is commenced”) (quoting Crawford Commercial Constructors v. Marine Indus. Residential Insulation, Inc., 437 So.2d 15, 16 (Miss.1983)).
¶ 45. At the time Mr. Burley filed this action, it was not that he lacked standing to sue on behalf of the deceased children’s estates; he simply did not then have the capacity to sue as a personal representative. Although the terms are closely related, they are distinct. “Basically put, the capacity to sue is the right to come into court. It is distinguishable from standing to sue which is a right to relief, which goes to the existence of the cause of action.” 67A C.J.S. Parties § 11 (2008) (citations *1026 omitted). Standing is not at issue; there can be no dispute that the cause of action existed at the time Mr. Burley filed his complaint. What Mr. Burley lacked at that time was the formal capacity to sue on behalf of his grandchildren’s estates.
¶ 46. There may be instances, as when expiration of a statute of limitations is imminent, and unforeseen circumstances have thrust one into a representative capacity, when he or she must file suit before receiving letters of administration. In such instances, he or she should be able to toll the statute by filing suit and seeking appointment immediately thereafter. An estate’s ability to litigate should not be denied or impaired because no personal representative of a decedent has been formally appointed and duly qualified at a time when it is expedient for a claim or claims to be preserved by the filing of suit. In such circumstances, appointment of a personal representative should be sought without unreasonable delay.
¶ 47. For these reasons, I respectfully concur in part and in result.
GRAVES, P.J., JOINS THIS OPINION.