KITCHENS, Justice, for the Court:
¶ 1. In this wrongful death action, filed by the decedent’s niece, the defendants moved to dismiss the case, arguing that the niece did not have standing to file the complaint. At the same time, the decedent’s brother’s estate filed a motion to substitute as the real party in interest. The trial court denied the motion to dismiss and granted the substitution, and the case is now before us on interlocutory appeal. Finding the niece was an “interested party” as an heir-at-law of the decedent, we affirm the trial court’s decision and remand the case for further proceedings.
I.
¶ 2. Walter Yarbrough, the decedent, was incapable of caring for himself because of a severe mental impairment. For much of his life, Walter’s family tended to his needs, but in 1976, Walter became a permanent resident of the Mississippi State Hospital’s Jaquith Nursing Home, where he lived until his death in 2002. When Walter died, his closest living relative was his brother, Spencer. Walter’s other sibling, Thomas, had died before Walter, and Thomas was survived by two children, Nellie Andrews and Thomas J. Yarbrough, Jr.
¶ 3. The same year that Walter died, his niece, Andrews, filed this wrongful death action against Jaquith, the State Hospital, *746 the Mississippi Department of Health, and other unknown defendants (collectively “Jaquith”), referring to herself as Walter’s “personal representative.” More than two years after filing the complaint, Andrews filed a Petition for Letters of Administration for Walter Yarbrough in the Chancery Court of Rankin County, Mississippi, and on May 2, 2005, she was appointed admin-istratrix of Walter’s estate. The letters of administration declared that Walter had died intestate, and that Andrews, Thomas J. Yarbrough, Jr. (Andrews’s brother), and Spencer Yarbrough (Walter’s brother), were Walter’s “sole and only heirs at law.” The letters took notice of the pending claim against Jaquith.
¶4. On May 16, 2005, in response to Jaquith’s interrogatories, Andrews listed herself, Spencer, and Thomas as Walter’s wrongful death beneficiaries, noting that she and Thomas were Walter’s niece and nephew and that Spencer was Walter’s brother. Andrews also replied that an estate had been opened in chancery court and that she was appointed administratrix.
¶ 5. In 2006, Andrews was deposed and testified that she became Walter’s personal representative before his death. According to Andrews, Spencer had been acting as Walter’s representative but became incapacitated due to a stroke. It is unclear from the record exactly when Spencer was no longer capable of serving as his brother’s representative. However, Andrews indicated in her deposition that she made Walter’s healthcare decisions shortly before his death. Andrews also testified that she obtained Walter’s medical records and acted as the family’s representative in pursuing this wrongful death claim. According to Andrews, “the family” collectively decided to sue Jaquith.
¶ 6. On October 6, 2008, the defendants filed a motion to dismiss or for summary judgment, arguing that Andrews lacked standing to file the complaint because she was not a wrongful death beneficiary and was not appointed administratrix of Walter’s estate until after the complaint had been filed. In response, Nancy Yarbrough (Spencer’s wife and Walter’s sister-in-law), moved to substitute herself as the real party in interest in her capacity as admin-istratrix of Spencer’s estate. Spencer had died in 2007, and the Bolivar County Chancery Court had appointed Nancy as admin-istratrix of her husband’s estate. The letters of administration found that Spencer’s only significant asset was the wrongful death claim against Jaquith and that Spencer was Walter’s sole wrongful death beneficiary. The Bolivar County Chancery Court authorized Nancy:
to pursue said claim on behalf of [Spencer’s] estate and the heirs at law of the decedent and, specifically to insure that said claim is preserved for and on behalf of the heirs at law of the decedent, to ratify the commencement of the current action by Nellie Andrews and to file a motion in the Circuit Court of Rankin County, Mississippi for joinder and/or to substitute herself, as Administratrix, and this estate as the real party in interest in said litigation.
The same attorneys who filed the wrongful death complaint also filed Nancy’s motion to substitute. One of the attorneys later withdrew from the case, but his cocounsel continues to represent both Nancy and Andrews.
¶ 7. The trial court denied Jaquith’s motion to dismiss and granted Nancy’s motion to substitute. Citing Mississippi Rule of Civil Procedure 17(a), the order found that Nancy, as the administratrix of Spencer’s estate, was a real party in interest and that she had “initiated her substitution as a party plaintiff, joined and ratified the commencement of this civil action *747 within a reasonable time following objection by the Defendants.”
¶ 8. Fifteen months later, Jaquith filed a motion to reconsider, citing this Court’s decision in Burley v. Douglas, 26 So.3d 1013 (Miss.2010), reh’g denied (February 18, 2012). Jaquith again argued that, because Andrews lacked standing to file the wrongful death complaint, the court did not have subject matter jurisdiction. Ja-quith contended that Andrews was not Walter’s personal representative, she was not a wrongful death beneficiary or interested party, and, at the time the complaint was filed, neither Walter’s nor Spencer’s estate existed.
¶ 9. The trial court again rejected these arguments and denied Jaquith’s motion for reconsideration. Citing Burley, the court found that Andrews was an heir-at-law and, therefore, had the authority to file the complaint as an “interested party.” The order noted, “[w]hile the court is concerned that Nellie Andrews identified herself as ‘personal representative’ at the time the complaint was filed, the defendants have produced no authority to show that such a designation in the complaint itself is controlling.” As an alternative reason for denial, the judge found that Jaquith’s motion for reconsideration was not filed within a reasonable time under Rule 60 of the Mississippi Rules of Civil Procedure.
II.
¶ 10. Mississippi’s wrongful death statute provides, in pertinent part:
The action for such damages may be brought in the name of the personal representative of the deceased person or unborn quick child for the benefit of all persons entitled under the law to recover, or by widow for the death of her husband, or by the husband for the death of the wife, or by the parent for the death of a child or unborn quick child, or in the name of a child, or in the name of a child for the death of a parent, or by a brother for the death of a sister, or by a sister for the death of a brother, or by a sister for the death of a sister, or a brother for the death of a brother, or all parties interested may join in the suit....
Miss.Code Ann. § 11-7-13 (Rev.2004). Thus, this Court has held that a wrongful death action may be brought by “(1) by the personal representative on behalf of the estate and all other persons entitled to recover; (2) by one of the wrongful death beneficiaries on behalf of all persons entitled to recover; or (3) by ‘all interested parties.’” Long v. McKinney, 897 So.2d 160, 168 (Miss.2004).
¶ 11. In Burley v. Douglas, 26 So.3d 1013, 1020-26 (Miss.2009), this Court held that, although an heir-at-law may not be a listed relative under Section 11-7-13, he or she may have standing to bring a wrongful death action as an interested party. In Burley, a grandfather filed a lawsuit for the death of his daughter and her two children. Id. at 1016. The issue before this Court was whether the grandfather could file a complaint for his grandsons’ deaths. Id. at 1016. The Court noted that grandparents were not “listed relatives” in the wrongful death statute, but that the grandfather was an “interested party” because he qualified as a “statutory heir” under Mississippi’s descent and distribution statutes as “none of the higher-priority statutory heirs survive[d] the decedent[s].” Id. at 1021 n. 8. See Miss.Code Ann. §§ 91-1-1 to -31 (Rev.2004) (descent and distribution statutes). The Court explained that, because the mother had died, she was removed from the line of descent and distribution. Id. at 1021. “Thus, at the moment of their deaths, [the grandfather] held the status of an heir of [his grandchildren], such that, under our laws *748 of intestate descent and distribution, he would have been entitled to inherit from them.” Id. The decision noted a distinction between standing to bring suit and the ability to recover, holding that the grandfather’s “ability, or the lack thereof, to seek and/or recover certain damages at specific times from the wrongful-death suit does not determine the character of his standing as a particular type of wrongful-death claimant.” Id. at 1024 (emphasis added).
¶ 12. The opinion distinguished Burley from an earlier decision in Delta Health Group, Inc. v. Estate of Pope, 995 So.2d 123 (Miss.2008), because the plaintiff in Pope would not have been entitled to inherit property under our laws of intestate descent and distribution and “could not be, and never was, adjudicated to be an heir-at-law of the decedent.” Burley, 26 So.3d at 1024-25. The Burley decision also noted that the Pope plaintiff likely was appointed administrator of the decedent’s estate by misrepresenting his relationship to the decedent. Id. at 1025 n. 14 (citing Pope, 995 So.2d at 124).
¶ 13. Like the named plaintiff in Burley, Andrews was an heir-at-law of her uncle Walter, a status that was confirmed by the Rankin County Chancery Court’s letters of administration. Under Mississippi law, the potential inheritors of an intestate estate are divided into four groups, and each group inherits to the exclusion of the next. Jeffrey Jackson and Mary Miller, 4 Encyclopedia of Mississippi Law § 33:3 (2001).[1] There were no potential inheritors who would fall into the first group, because Walter never married or had children. The next group of potential inheritors consisted of Andrews, her brother, and Spencer; thus, the chancery court was correct in declaring them Walter’s “sole and only heirs at law.” Because no “higher-priority statutory heirs survived the decedent,” Andrews was an heir-at-law and qualified as an “interested party” with the authority to initiate a wrongful death suit. Burley, 26 So.3d at 1021 n. 8. Andrews’s ability to recover from the wrongful death action, or her lack thereof, had no bearing on her authority to file the complaint. Burley, 26 So.3d at 1023.
¶ 14. Moreover, although Andrews filed the suit as Walter’s “personal representative,” nothing in the record indicates that she intentionally misrepresented her relationship to Walter. Cf. Pope, 995 So.2d at 124 (administrator claimed to be the decedent’s nephew, but later was found to be her great-nephew). Andrews testified that, before Walter died, his personal representative had become incapacitated, and that she had taken on the role. During Walter’s last days, Andrews was the per *749 son making his healthcare decisions, and she was freely given access to his private medical records. In addition, she testified that the family had decided to pursue the claim and that she had hired the attorneys on their behalf. Jaquith has not presented any evidence to rebut her good-faith belief that she was Walter’s personal representative.
Conclusion
¶ 15. This Court has recognized “the statutory distinction between a party’s authority to bring the wrongful-death action and the party’s ability to recovery damages from it.” Burley, 26 So.3d at 1023. Moreover, “[o]ne who qualifies as an heir of the deceased also qualifies as an interested party under the wrongful-death statute.” Id. at 1021. As an heir-at-law, Andrews was an “interested party” and could initiate a wrongful-death lawsuit on behalf of all beneficiaries, regardless of her personal ability to recover. Accordingly, the trial court correctly held that Andrews was an “interested party” at the time of Walter’s death, and that she possessed the authority to file a wrongful death lawsuit. Therefore, we affirm the circuit court’s denial of the defendants’ motion to dismiss and likewise affirm the substitution of Walter’s brother’s estate as plaintiff. The case is remanded to the Madison County Circuit Court for further proceedings.
¶ 16. AFFIRMED AND REMANDED.
WALLER, C.J., DICKINSON, P.J., LAMAR, CHANDLER AND PIERCE, JJ. CONCUR. RANDOLPH, J„ DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CARLSON, P.J. KING, J., NOT PARTICIPATING.

. When any person shall die seized of any estate of inheritance in lands, tenements, and hereditaments not devised, the same shall descend to his or her children, and their descendants, in equal parts, the descendants of the deceased child or grandchild to take the share of the deceased parent in equal parts among them. When there shall not be a child or children of the intestate nor descendants of such children, then to the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent's share. If there shall not be a child or children of the intestate, or descendants of such children, or brothers or sisters, or descendants of them, or father or mother, then such estate shall descend, in equal parts, to the grandparents and uncles and aunts, if any there be; otherwise, such estate shall descend in equal parts to the next of kin of the intestate in equal degree, computing by the rules of the civil law. There shall not be any representation among collaterals, except among the descendants of the brothers and sisters of the intestate.
Miss.Code Ann. § 91-1-3 (Rev.2004). Mississippi Code Section 91-1-11 provides that goods, chattels, and personal estate are distributed in the same manner as realty.