RANDOLPH, Justice, dissenting:
¶ 17. As Nellie Andrews lacked standing to bring this wrongful-death action at the time of its commencement, the action was void ab initio. This lack of standing could not be cured by an attempt to substitute the “real party in interest” more than six years later. Therefore, I respectfully dissent.
7. Whether Andrews had standing to commence the wrongful-death action.
¶ 18. Walter Yarbrough died on July 30, 2002. On December 31, 2002, his niece, Nellie Andrews (“Andrews”) filed a wrongful-death action,[2] a claim to which she had no statutory entitlement. She misrepresented that she had been appointed “Personal Representative of Walter Yarbrough, Deceased.”[3] At the time the action was filed, Walter had one living sibling, Spencer Yarbrough.[4] Spencer was not a party to the action. Thus, she was not an interested party, having suffered no remediable injury.
¶ 19. “[Standing is to be determined as of the commencement of suit.” In re Estate of Baumgardner, 82 So.3d 592, 599 (Miss.2012) (quoting Burley v. Douglas, 26 So.3d 1013, 1020 (Miss.2009) (citing Delta Health Group, Inc. v. Estate of Pope, 995 So.2d 123, 126 (Miss.2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 571, *750 112 S.Ct. 2130, 2142, 119 L.Ed.2d 351, 371 (1992)))). “A lack of standing ‘robs the court of jurisdiction to hear the case.’” Pruitt v. Hancock Med. Ctr., 942 So.2d 797, 801 (Miss.2006) (quoting McNair v. United States Postal Serv., 768 F.2d 730, 737 (5th Cir.1985)).
¶20. A wrongful-death action may be brought “(1) by the personal representative on behalf of the estate and all other persons entitled to recover; (2) by one of the wrongful death beneficiaries on behalf of all persons entitled to recover; or (3) by ‘all interested parties....'" Long v. McKinney, 897 So.2d 160, 168 (Miss.2004) (citing Miss.Code Ann. § 11-7-13).

(1) ‘Personal representative”

¶ 21. It is undisputed that, at the time this action was filed, Andrews was not Walter’s personal representative. “To have standing as a personal representative to bring a wrongful-death action, the plaintiff must be formally appointed as such prior to filing the complaint for wrongful death.” Clark Sand Co., Inc. v. Kelly, 60 So.3d 149, 155 (Miss.2011) (citing Long, 897 So.2d at 174) (emphasis added). Andrews, like the great-nephew (“Payne”) in Pope, misrepresented to the court that she was the personal representative. In actuality, she was not named administrator until more than two years after she filed suit. See Pope, 995 So.2d at 126 (“The fact that Payne subsequently was appointed as administrator does not change the undis-putable fact that Payne lacked standing to commence the suit.”) (emphasis in original). Accordingly, Andrews lacked standing as a personal representative to bring this "wrongful-death action.
(%) “Listed relative”
¶22. Regarding the “listed relatives” who may commence a wrongful-death action, Section 11-7-13 provides, in pertinent part, that “if the deceased has no husband, nor wife, nor children, the damages shall be distributed equally to the father, mother, brothers and sisters, or such of them as the deceased may have living at his or her death.” Miss.Code Ann. § 11-7-13 (Rev. 2004). “The Legislature failed to confer standing on a [niece] ... [t]his Court is without authority to expand the enunciated beneficiaries by granting standing to a [niece] and empowering [her] with a legal right to commence a suit.” Pope, 995 So.2d at 126. Accordingly, Andrews lacked standing as a listed relative to bring this wrongful-death action.
(3) “Interested party ”
¶ 23. This Court has defined an “interested party” as follows:
a person who has a relationship to the decedent that is recognized by law, and who therefore has suffered a remediable injury (i.e., the invasion of a legally protected interest) by the wrongful deprivation of the decedent’s life at the defendant’s hands. Such a person thus may claim a genuine right of recovery from the decedent’s "wrongful-death action by seeking damages for his or her injury, and that right gives the claimant a legally sufficient interest in the action to make him or her an “interested party” under the wrongful-death statute.
Clark Sand, 60 So.3d at 160 (emphasis in original).
¶ 24. Andrews now maintains she was an interested party by virtue of a claim of pecuniary interest in Walter’s estate, i.e., as the descendant of Walter’s pre-deceased brother, she was an heir under Mississippi Code Section 91-1-3. See Miss.Code Ann. § 91-1-3 (Rev.2004) (when there are no children of an intestate, real property is devised to “the brothers and sisters and father and mother of the intestate and the descendants of such brothers and sisters in *751 equal parts, the descendants of a sister or brother of the intestate to have in equal parts among them their deceased parent’s share.”) (emphasis added). But at the time of Walter’s death and the filing of this wrongful-death action, Spencer was the lone, surviving listed relative pursuant to Section 11-7-13.[5] This is crucial because, under the facts presented, Section 11-7-13 provides for equal distribution of the damages solely to the listed relatives that “the deceased may have living at his or her death.” Miss.Code Ann. § 11-7-13 (Rev. 2004) (emphasis added). Andrews’ father was not “living” at the time of Walter’s death. Id. As such, he did not qualify as a listed relative entitled to equal distribution of the damages. As Spencer was alive at the time of Walter’s death and the filing of this action, Andrews also has no claim as an heir under Mississippi’s descent and distribution statutes, or any other legally protected interest.

Conclusion

¶ 25. At the time this wrongful-death action was filed, Andrews was not a(l) “personal representative,” or (2) “listed relative,” or (3) an “interested party.” She had not suffered a remediable injury, ie. an invasion of a legally protected interest. Long, 897 So.2d at 168; Clark Sand, 60 So.3d at 160. Standing is determined at the time of filing, and at that time, Andrews did not have standing.

II. Whether substitution of a “real party in interest” under Mississippi Rule of Civil Procedure 17 can cure Andrews’s lack of standing.

¶ 26. Following Spencer’s death, his widow and the administratrix of his estate filed a Motion to Substitute Real Party in Interest pursuant to Mississippi Rule of Civil Procedure 17(a). But because Andrews lacked standing to commence this wrongful-death action (see Issue I. supra), the action was void ab initio. As “standing is to be determined as of the commencement of the suit[,]” the attempt to substitute the administratrix of Spencer’s estate as the real party in interest could not cure this underlying lack of standing. Clark Sand, 60 So.3d at 161.

Conclusion

¶ 27. Based upon the above analysis, I would reverse and remand for further proceedings consistent with this opinion. Therefore, I respectfully dissent.
CARLSON, P.J., JOINS THIS OPINION.

. The action was filed pursuant to the Mississippi Tort Claims Act, as Jaquith Nursing Home is located at the Mississippi State Hospital.

. Andrews did not even file a Petition for Letters of Administration until April 1, 2005, nearly two-and-one-half years after the action was filed. She was not appointed administra-trix of Walter's estate until May 2, 2005.

.Andrews is the daughter of Walter's brother, Thomas, whose death preceded that of Walter.

. Spencer died on April 29, 2007.