909 So.2d 1066 (2005)
METHODIST HOSPITAL OF HATTIESBURG, INC. now known as Wesley Health Center
v.
Linda RICHARDSON, Individually and on Behalf of the Wrongful Death Heirs of Vivian Wheeless, Deceased, and the Estate of Vivian Wheeless, by and Through Linda Richardson, Administratrix.
No. 2003-IA-00088-SCT.
Supreme Court of Mississippi.
February 3, 2005.
*1067 Matthew D. Miller, J. Robert Ramsay, Gulfport, attorneys for appellant.
J. Andrew Phelps, Mark Thomas Finch, Hattiesburg, attorneys for appellees.
EN BANC.
CARLSON, Justice, for the Court.
¶ 1. Today's case is before this Court on interlocutory appeal from the Lamar County Circuit Court's denial of summary judgment as to the survival claim against Methodist Hospital of Hattiesburg, which is now known as Wesley Health Center (Wesley), for Vivian Wheeless's pain and suffering experienced prior to her death at Wesley. Finding that the trial court was correct in permitting the survival action to proceed, we affirm the judgment of the Lamar County Circuit Court and remand.

STATEMENT OF THE CASE AND THE PROCEEDINGS IN THE TRIAL COURT
¶ 2. On May 12, 1998, Linda Richardson filed a complaint asserting a wrongful death claim against Wesley for the death of Wheeless, her mother. The style of the case regarding the plaintiffs stated "Linda Richardson, individually and on behalf of the wrongful death heirs of Vivian Wheeless, deceased." The complaint alleged the wrongful death beneficiaries to be Richardson and Vivian's sons, Harlea Wheeless, Herman Leon Wheeless, Robert Wheeless, and Luther Wheeless. There was no separate claim asserted by the Estate of Vivian Wheeless, and it is without dispute that no estate had been opened at the time the suit was commenced. Paragraphs five and six of the complaint *1068 referred to Wheeless's alleged pain and suffering. Paragraph six of the complaint alleged in pertinent part:
That the actions and/or omissions on the part of [Wesley's] agents, employees, representatives, nurses and staff proximately caused or proximately contributed to pain and suffering experienced by Vivian Wheeless during her admission to said hospital and proximately caused or proximately contributed to Ms. Wheeless' death and for which the Plaintiffs herein demand compensation for pain and suffering experienced in the past by Vivian Wheeless, the death of Vivian Wheeless, compensation for medical and hospital expenses incurring during Ms. Wheeless' hospitalization at [Wesley's] facility, compensation for loss of society, love and affection and loss of wages that Ms. Wheeless may have earned during the remainder of her normal work life, together with burial expenses and compensation for pain and suffering of each of the Plaintiffs in the loss of their mother.
Wesley's subsequently filed motion for summary judgment was granted by the Lamar County Circuit Court, Judge R.I. Prichard, III, presiding, and Richardson appealed. In Richardson v. Methodist Hosp. of Hattiesburg, Inc., 807 So.2d 1244 (Miss.2002) (Richardson I), this Court affirmed the trial court's decision granting summary judgment as to the issue of wrongful death; however, we determined that although the survival statute was not specifically pleaded in the complaint, the pleadings did set out two separate causes of actions. Id. at 1247 This Court held that "Richardson demonstrated a genuine issue of material fact requiring a trial on her separate cause of action for Wheeless's pain and suffering;" therefore, the case was remanded back to the Lamar County Circuit Court in order that a jury could decide this remaining claim. Id. at 1248.
¶ 3. Upon remand, Wesley filed a Motion to Dismiss or for Summary Judgment arguing that although this Court upheld a survival action, the Estate of Vivian Wheeless, the real party in interest, was not a party to this action. On July 23, 2002, the trial court granted Wesley's motion to dismiss pursuant to Miss. R. Civ. P. 12(b)(6), on the grounds that since all wrongful death claims had been dismissed by the trial court and affirmed by this Court and that the wrongful death beneficiaries were not the proper parties to advance a survival action inasmuch as no estate had ever been opened, there was no claim upon which relief could be granted.
¶ 4. On July 26, 2002, Richardson petitioned the Lamar County Chancery Court to open an estate for Vivian Wheeless and to appoint her (Richardson) as administratrix of the estate. On August 7, 2002, the chancery court entered an order granting letters of administration to Richardson as administratrix of the Estate of Vivian Wheeless, and acknowledging that other than a few personal items, the only "possible" asset of the estate was "whatever interest the Estate may have as to pain and suffering and any other claims" in the pending circuit court action against Wesley.[1] Thereafter, the chancellor entered a separate order authorizing Richardson, as administratrix, to join the pending circuit court action on behalf of the "Estate of Vivian Wheeless." Richardson thus filed an amended complaint in the pending circuit court action on August 16, 2002. This *1069 amended complaint alleged a survival action and was styled "Linda Richardson, individually and on behalf of the wrongful death heirs of Vivian Wheeless, deceased, and the Estate of Vivian Wheeless, by and through Linda Richardson, Administratrix."[2]
¶ 5. On September 18, 2002, Wesley filed a Motion to Strike Plaintiff's Amended Complaint, or Alternatively, its third Motion for Summary Judgment, alleging that (1) the wrongful death claim had been dismissed by the trial court and affirmed by this Court in Richardson I, (2) the Estate of Wheeless was a "stranger to the litigation" pursuant to Miss. R. Civ. P. 15 and had not met the requirements under Miss. R. Civ. P. 24 to properly intervene, and (3) the Estate's survival action was barred by the two-year statute of limitation provided in Miss.Code Ann. § 15-1-36 (Rev.2003). On December 16, 2002, the circuit court entered an order dismissing the wrongful death claims; however, the circuit court permitted Richardson to proceed with the survival claim. The trial court held:
Though the Mississippi Supreme Court divined a survival claim in the pleadings, (which managed to lay hidden even to the drafter of those pleadings), there still did not exist a party plaintiff to collect those damages. Miss. R. Civ. P. 17(a) and 19(a) do indeed speak of the "real party in interest" and joinder of a necessary party. However, this Court cannot escape drawing the necessary inference that "real party in interest" or necessary party must actually be in existence to be a real or necessary party before any applicable statute of limitations expires. "Linda Richardson, Individually and on behalf of the wrongful death heirs of Vivian Wheeless, deceased" is not the same party as "Linda Richardson, Administratrix of the Estate of Vivian Wheeless, deceased." The Estate was simply not in existence until August 7, 2002. This is not a matter of semantics but of statute. Therefore, the only way the Court can balance the Mississippi Supreme Court's February 28, 2002 opinion with Miss.Code Ann. § 91-7-233 and § 15-1-36 and allow the Estate to proceed, is to recognize the existence of a new species of plaintiff: "The Notice Plaintiff."
(emphasis in original).
¶ 6. On January 2, 2003, the trial court certified its order for interlocutory appeal. On April 22, 2003, this Court granted Wesley permission to appeal pursuant to M.R.A.P. 5.[3] Wesley argues that proper and sufficient notice was not provided in the original complaint that the Estate of Vivian Wheeless was advancing a survival action; that the Estate's attempt to intervene was not timely; that the Estate's claim was barred by the two year statute of limitation set forth in Miss.Code Ann. § 15-1-36; and that there was no authority supporting recognition of the "notice plaintiff."
*1070 ¶ 7. An appellate court may affirm a trial court if the correct result is reached, even if the trial court reached the result for the wrong reasons. Puckett v. Stuckey, 633 So.2d 978, 980 (Miss.1993). See also Mason v. Southern Mortg. Co., 828 So.2d 735, 738 (Miss.2002). While we affirm the trial court's order denying summary judgment as to the survival action, we do not agree with the necessity of creating a "new species of plaintiff" in order to affirm. Finding that Richardson, as Administratrix, properly ratified and joined the action by amended complaint within a reasonable time after Wesley's objection that the wrongful death beneficiaries were not the real party in interest to prosecute a claim under the survival statute, we affirm the judgment of the Lamar County Circuit Court.

ANALYSIS
¶ 8. The cases are legion wherein this Court has held that we apply a de novo standard of review of a trial court's grant or denial of a motion for summary judgment. Satchfield v. R.R. Morrison & Son, Inc., 872 So.2d 661, 663 (Miss.2004); McMillan v. Rodriguez, 823 So.2d 1173, 1176-77 (Miss.2002); Lewallen v. Slawson, 822 So.2d 236, 237-38 (Miss.2002); Jenkins v. Ohio Cas. Ins. Co., 794 So.2d 228, 232 (Miss.2001). Summary judgment shall be granted by the court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). See also Brown v. Credit Ctr., Inc., 444 So.2d 358, 362 (Miss.1983). The moving party has the burden of demonstrating that there is no genuine issue of material fact in existence, while the non-moving party should be given the benefit of every reasonable doubt. Tucker v. Hinds County, 558 So.2d 869, 872 (Miss.1990).

I. Notice.
¶ 9. This Court has previously considered and decided the issue of whether Wesley had proper notice as to a survival action based upon the allegations contained in the original complaint. See Richardson I. In resolving the original appeal and denying rehearing, this Court held that "[t]hough the survival statute[4] [wa]s not specifically cited in the complaint, the pleadings in this case delineate two specific causes of action and are sufficient under our system of notice pleadings." 807 So.2d at 1247. We determined that Richardson's expert, Crystal D. Keller, a Registered Nurse and Certified Legal Nurse Consultant, was qualified to testify as to the "appropriate standard of nursing care and the deviations from that standard." Id. at 1246.
There is sufficient proffered evidence from Keller for a jury to consider whether the inadequate nursing care resulted in worsening Wheeless's physical pain and suffering.
* * * * * *
Considering all of the evidence in the light most favorable to Richardson, we find there is a genuine issue of fact concerning whether Wheeless suffered more physically and incurred more expense from the failures of the nursing staff documented by Wheeless's expert and that the circuit court improperly *1071 granted summary judgment as to pain and suffering.
Id. at 1246-47.
¶ 10. Both the circuit judge and Wesley's counsel opine that our decision in Richardson I is contrary to our decision in Wilks v. American Tobacco Co., 680 So.2d 839 (Miss.1996). We disagree. In Wilks, after a judgment on a jury verdict for the cigarette manufacturer, the decedent's heirs appealed to us asserting inter alia that they were entitled to lifetime damages under the wrongful death statute. We held in Wilks:
The survival statute permitted a cause of action for personal injury suffered by [the decedent] during his lifetime. Again, the jury found in this case that the decedent's death was not related to the cause of action as presented by the plaintiff. As contended by [the defendant], the heirs failed to alternatively base their cause of action on the survival statute at any point in time during this litigation. The complaint and trial proceeded exclusively under the wrongful death statute. [The defendant] cannot be blamed for the heirs' failure to alternatively pursue a cause of action for personal injury under Mississippi's survival statute.
Id. at 843.
¶ 11. In deciding Richardson I, we neither overlooked or misapplied Wilks. We stated in Richardson I:
Wesley argues that the claim for the pain and suffering as an element of the wrongful death action should likewise be denied pursuant to Wilks v. American Tobacco Co., 680 So.2d 839 (Miss.1996). In Wilks, the jury found that cigarette smoking did not proximately cause the decedent's death. The heirs contended on appeal they were at least entitled to the decedent's lifetime damages that the heirs believed were overwhelmingly proven to be caused by cigarette smoking. The heirs' cause of action was exclusively under Mississippi's wrongful death statute. We held the personal injury action could not be maintained where it was not alternatively claimed under Mississippi's survival statute. Id. at 843.
The facts in Richardson's case reflect that the nurses' negligent actions exacerbated Wheeless's condition and caused pain and suffering, even if that negligence was not determined to be the ultimate cause of death. Though the survival statute is not specifically cited in the complaint, the pleadings in this case delineate two specific causes of action and are sufficient under our system of notice pleadings. We hold that Richardson demonstrated a genuine issue of material fact requiring a trial on her separate cause of action for Wheeless's pain and suffering. Therefore, the circuit court erred in granting summary judgment as to that claim.
807 So.2d at 1247. We note that at the time of our decision in Richardson I, there remained on the Court only three justices who had participated in Wilks. All three justices who concurred in the Wilks decision also concurred in the Richardson I decision.[5]
*1072 ¶ 12. Since our decision in Richardson I, we have decided Necaise v. Sacks, 841 So.2d 1098 (Miss.2003). In Necaise, Charles Freeman commenced a medical malpractice suit for chemical burns sustained while undergoing chemotherapy treatment for cancer. Freeman subsequently died from causes unrelated to any alleged medical negligence resulting in his injuries which were the subject of the pending litigation. Freeman's daughter, Nancy Necaise, was substituted as a party in the circuit court action, was thereafter appointed executrix of her father's estate via a chancery court order, and was subsequently allowed by the circuit court to file an amended complaint. However, the amended complaint did not maintain the pending action in the name of the estate. In relying on Richardson I, we allowed Necaise to maintain the medical negligence suit even though she never named the estate as a party. Id. at 1106.
¶ 13. Wesley correctly asserts several factual differences in Necaise and the case sub judice. In Necaise, the suit was one for medical negligence and not wrongful death; the decedent commenced the medical negligence suit during his lifetime; Necaise was substituted as a party pursuant to Miss. R. Civ. P. 25; Necaise opened the estate and received chancery court authorization to prosecute her father's personal injury suit prior to the running of the statute of limitations; the amended complaint was filed prior to the expiration of the statute of limitations; and, the defendants were specifically notified that the suit was one for personal injury and not wrongful death. However, notwithstanding any factual dissimilarities, our decision in Necaise does nothing but undergird our decision in Richardson I, which was decided with full acknowledgment of our decision in Wilks. 807 So.2d at 1247. Today's decision simply allows the pain and suffering element, which was specifically pleaded in the original complaint in the case sub judice, to remain viable. Thus, Wesley's protestations notwithstanding, we are satisfied that by again reaffirming our decision in Richardson I, we are not casting Mississippi wrongful death litigation into a state of disarray.
¶ 14. Thus, although for reasons different than those stated by the circuit court, we agree with the circuit court's ruling which had the practical effect of permitting the issue of Wheeless's pain and suffering to remain viable.

II. Timely Joinder/Substitution.
¶ 15. Miss. R. Civ. P. 17(a) states in part that:
No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.
This rule provides for a reasonable time upon objection for joinder of the real party in interest. Wesley first objected to the wrongful death beneficiaries as being the proper party to prosecute a suit for the pain and suffering of Vivian Wheeless on June 21, 2002. The trial court, agreeing that the wrongful death beneficiaries were not the proper parties, granted Wesley's Rule 12(b) motion to dismiss, stating that the only party who could bring such a claim was the Estate of Vivian Wheeless. Thus pursuant to the express language of Miss. R. Civ. P. 12(b) and Miss. R. Civ. P. 15(a), Richardson was entitled to amend her pleadings.[6] Therefore, three days later, *1073 Richardson began proceedings to open the Estate of Vivian Wheeless and to be appointed as Administratrix. Less than one month after the trial court granted the Rule 12(b)(6) dismissal on an improper party, Richardson amended the complaint, listing the real party in interest as the Estate of Vivian Wheeless and specifically pleading a survival action. Pursuant to Miss. R. Civ. P. 17, the real party in interest joined the suit within a reasonable time after objection.

III. Statute of Limitations.
¶ 16. Because this Court previously held in Richardson I that Richardson's original complaint contained a separate cause of action for survival, the action was brought within the appropriate two-year statute of limitation. Therefore, Wesley was properly placed on notice, and this issue is without merit.

IV. Notice Plaintiff
¶ 17. Inasmuch as the previous issues are dispositive, this Court need not address the issue of "notice plaintiff" except to state that this new species of plaintiffs created by the Lamar County Circuit Court is not recognized in this State.

CONCLUSION
¶ 18. While the trial court was correct in denying summary judgment as to the survival action, we do not agree with its analysis. Richardson, as Administratrix, properly ratified and joined the action by amended complaint within a reasonable time after Wesley's objection that the wrongful death beneficiaries were not the real party in interest to prosecute a claim under the survival statute. We therefore affirm the judgment of the Lamar County Circuit Court and remand this case for further proceedings in that court consistent with this opinion.
¶ 19. AFFIRMED AND REMANDED.
SMITH, C.J., WALLER AND COBB, P.JJ., AND EASLEY, J., CONCUR. RANDOLPH, J., DISSENTS WITH SEPARATE WRITTEN OPINION. DIAZ, GRAVES AND DICKINSON, JJ., NOT PARTICIPATING.
RANDOLPH, Justice, Dissenting:

CREATIO EX NIHILO
¶ 20. Although this is the second time this Court has ruled in this case, I am constrained to dissent here and to plead that the error of Richardson I should be overturned. Richardson I found that fact questions precluded a summary judgment on a personal injury claim. However, where we must part ways with Richardson I is that the plaintiff was not entitled to recover those damages, or was any other plaintiff or putative plaintiff then in existence entitled to recover those damages, for the decedent's personal injury claims *1074 preceding her death. Stated otherwise, the plaintiff in Richardson I sought damages for another's personal injury claim, which exclusively would belong to the putative estate of Vivian Wheeless, which was nonexistent at the time Richardson I was filed. Therein lies the flaw with the ruling in Richardson I and in the case sub judice. Linda Richardson, neither as an individual nor as a wrongful death beneficiary, possessed the right to recover damages for her mother's pain and suffering.
¶ 21. As this Court found in Richardson I, there was a genuine issue of material fact concerning whether Wheeless suffered more physically and incurred more expenses from the failure of the nursing staff as documented by Wheeless's expert. Nonetheless, those claims were exclusive to the estate, had an estate been established. The named plaintiff(s) were not entitled to those damages; and therefore, the defendant was entitled to summary judgment. When this Court found in Richardson I that the original complaint delineated two specific cause of actions which were sufficient under our system of notice pleadings, it was partially correct. But the Court erred, in my humble opinion, when it held that Richardson demonstrated a genuine issue of material fact requiring a trial on her separate cause of action for Wheeless's pain and suffering. That ruling cited neither legal precedent, nor common law, nor case law, nor statutory law, and finally no rule to overcome the requirement that a plaintiff must be entitled to the damages sought to have a valid civil action. The right to recover damages belonged exclusively to the estate, had one been established, which it had not.
¶ 22. The learned trial judge, in coping with this phantom claim, has described it as an ethereal survival claim. In its December 16, 2002, order, the trial court wrote: "Though the Mississippi Supreme Court divined a survival claim in the pleadings, (which managed to lay hidden even to the drafter of those pleadings), there still did not exist a party plaintiff to collect those damages." (Emphasis added). The plaintiff acknowledged as much, when she argued in the trial court that "the (trial) court should have recognized her error in not opening an estate on Wheeless and bringing the suit as Administrator for the Estate when she originally filed suit back in 1998 and ordered her to do so." (Emphasis added). No student of the law can seriously question that a party must be in existence before it can bring a civil action. (M.R.C.P.2). M.R.C.P. 8 requires that a pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. The defendant properly challenged the propriety of such claim by Linda Richardson.
¶ 23. The trial court further noted in its order that in Richardson I this Court created a new species of plaintiff, " the notice plaintiff," which the majority disputes. I must agree with the learned trial judge. This Court's finding that Linda Richardson, either individually or as a wrongful death beneficiary, possessed a cause of action to recover damages for pain and suffering of her deceased mother can best be described as creatio ex nihilo ("creation out of nothing").
¶ 24. On July 22, 2002, the trial court granted defendant's second motion to dismiss finding that even if a jury were to find that indeed Wheeless had incurred pain and suffering, there existed no plaintiff who could recover the damages citing Miss.Code Ann. § 91-7-233 (Rev.2004). A survival action could only be brought by the administrator of the estate. It was only after the July 2002 ruling that Richardson *1075 elected to open an estate. Then on August 16, 2002, without seeking leave of the Court, Linda Richardson filed an amended complaint, even though her case had already been dismissed by summary judgment.
¶ 25. The estate should have been opened in the beginning to pursue the survival action, which brings us to the second issue. Since no plaintiff entitled to seek damages existed when the statute of limitations expired, the statute clearly ran as to any claims for pain and suffering by the estate filed more than two years after the alleged tort. To find otherwise would permit a putative plaintiff to wait for any number of years, then open an estate, file suit, and cite the majority opinion as authority for the proposition that the statute only runs two years from the date the estate comes into existence, as opposed to from an alleged wrongful act. This would be a preposterous result and should not be allowed in this case.
¶ 26. Unfortunately, my colleagues' failure to accept that Richardson neither individually, nor as a wrongful death beneficiary-possessed no separate cause of action in Richardson I for her mother's pain and suffering, as the claim belonged only to the putative estate, has confused our body of law in this area.
¶ 27. For these reasons, I would overrule Richardson I, reverse the circuit court's denial of summary judgment on the survival claim, and render judgment for Wesley finally dismissing that claim with prejudice.
NOTES
[1] The chancery court order named Wheeless's surviving heirs to be not only Richardson and Harlea Wheeless, Herman Leon Wheeless, Robert Wheeless, and Luther Wheeless, as alleged in the original circuit court complaint, but also Douglas Ray Wheeless, likewise a son of Vivian.
[2] Notwithstanding Richardson's failure to seek leave of the circuit court to filed an amended complaint, the circuit judge in due course issued its opinion and order which acknowledged the amended complaint and allowed its filing.
[3] We acknowledge a substantial passage of time since we granted permission for this interlocutory appeal. Subsequent to our grant of permission to appeal, the appeal was stayed, on motion of Wesley, due to liquidation proceedings pending in Virginia against Wesley's insurer. Once this issue was resolved and the trial court record was received in this Court on January 13, 2004, the Clerk's office on the same day sent notice to the parties regarding the briefing schedule, and briefing was completed by the parties on June 4, 2004.
[4] The survival statute is Miss.Code Ann. § 91-7-233 (Rev.2004), which states in pertinent part: "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted."
[5] In fact one of those three justices in Richardson I concurred in part, and dissented in part, opining that circuit court here erred in granting summary judgment at all and that the entire case, both the survival claim, as well as the wrongful death claim, should have been remanded back to the trial court for a plenary trial on all issues. That justice was joined in his separate opinion by three other justices. In other words, all nine justices on the Court in Richardson I agreed that at least the case must be remanded for a trial on the survival claim.
[6] Although Wesley fervently asserts that in granting its motion to dismiss pursuant to Miss. R. Civ. P. 12(b), the circuit court considered matters outside the pleadings, we disagree. Of course, if this were the case, then the circuit court would have been required to treat the motion as one for summary judgment, meaning that once the motion was granted, leave to amend could not be permitted. Miss. R. Civ. P. 12(b) states in pertinent part that if a Rule 12(b)(6) motion is before the court, it must be treated as a Rule 56 motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court." (Emphasis added). We disagree with Wesley. There is nothing in the record before us which indicates that the circuit court considered matters presented outside the pleading, and not excluded from consideration by the circuit court. Indeed the circuit court's opinion and order of July 22, 2002, and entered on July 23, 2002, granting Wesley's Rule 12(b)(6) motion to dismiss are unequivocal that it was not necessary to look beyond the complaint.