# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-01157-COA

**TORRIE CAMPBELL KNIGHT,**
**ADMINISTRATRIX OF THE ESTATE OF**
**LINDA CAMPBELL, DECEASED, ON BEHALF**
**OF ALL WRONGFUL DEATH BENEFICIARIES**
**OF LINDA FAY CAMPBELL, TORRIE**
**CAMPBELL, INDIVIDUALLY, BRIDGETT**
**GILL MASSEY AND DAVIE FRENCH**

**APPELLANTS**

**v.**

**JEFFERY GLOVER, M.D.**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/22/2024 |
| TRIAL JUDGE: | HON. DEBRA H. GIBBS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | JAMES W. NOBLES JR. |
| ATTORNEYS FOR APPELLEE: | CECIL MAISON HEIDELBERG TRHESA BARKSDALE PATTERSON |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 04/07/2026 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Linda Campbell sued Dr. Jeffery Glover and other medical providers for medical malpractice.  She alleged that Glover negligently left a medical sponge inside her body at the conclusion of a surgical procedure, causing pain and suffering and medical expenses.  There is no dispute that Campbell's complaint was timely filed within the applicable two-year statute of limitations.  Campbell died while her medical malpractice suit was pending, and a suggestion of death was filed.  Subsequently, the malpractice suit was dismissed without

prejudice pursuant to Mississippi Rule of Civil Procedure 25 because no motion to substitute Campbell's estate was filed within ninety days after the suggestion of death was filed.

¶2. Campbell's daughter, Torrie Campbell Knight, opened Campbell's estate and was appointed administratrix. Knight then filed a new "wrongful death" complaint in circuit court as the administratrix of Campbell's estate and on behalf of all wrongful death beneficiaries of Campbell. Although styled as a "wrongful death" complaint, Knight now concedes there is no evidence that any act or omission by Glover proximately caused Campbell's death. However, Knight argues that she may pursue Campbell's medical malpractice claim as a "survival" claim on behalf of Campbell's estate. The circuit court ultimately ruled that Knight's complaint was barred by the statute of limitations and granted summary judgment in favor of Glover. Campbell appealed.

¶3. We hold that Knight's complaint adequately pled a survival claim under the Mississippi Supreme Court's decision in *Methodist Hospital of Hattiesburg Inc. v. Richardson*, 909 So. 2d 1066 (Miss. 2005). In addition, based on the savings statute, Miss. Code Ann. § 15-1-69 (Rev. 2019), Knight's complaint is not barred by the statute of limitations because it was filed within one year of the dismissal of Campbell's original medical malpractice suit. Accordingly, we reverse the order granting summary judgment and remand the case for further proceedings consistent with this opinion.

### FACTS AND PROCEDURAL HISTORY

¶4. In July 2014, at St. Dominic-Jackson Memorial Hospital, Dr. Guillermo Tanaka performed surgery on Campbell to remove a cancerous mass from one of her kidneys. While

performing that procedure, Tanaka unknowingly perforated Campbell's colon. Following the procedure, Campbell experienced complications and was eventually readmitted to St. Dominic by Glover. A CT scan revealed the perforation of Campbell's colon.

¶5. On September 23, 2014, Glover performed surgery on Campbell to treat damage to her colon resulting from the perforation. During the surgery, Glover removed a portion of Campbell's colon and her gall bladder. Campbell was discharged home on October 1, 2014, but she continued to experience complications, including nausea and vomiting. On October 8, 2014, she was readmitted to St. Dominic, and a CT scan revealed that a surgical sponge had been left in her abdomen during the September 23 surgery. Glover then performed a surgery to remove the sponge. During that procedure, Glover had to remove an additional portion of Campbell's small bowel as a result of damage caused by the sponge.

### Campbell v. Glover et al.

¶6. In November 2016, Campbell filed a medical malpractice lawsuit in the Hinds County Circuit Court against Glover, St. Dominic, and Tanaka.[1] Campbell died in March 2017, while that suit was pending, and in April 2017, her attorney filed a suggestion of death.[2] The

---

[1] Pursuant to the medical malpractice statute of limitations, Campbell was required to file suit within two years from the date the retained sponge was, "or with reasonable diligence should have been, first known or discovered to be in [Campbell's] body." Miss. Code Ann. § 15-1-36(2)(a) (Rev. 2019). The statute of limitations was extended sixty days once Campbell served the defendants with presuit notice of her claim pursuant to section 15-1-36(15). *See Scaggs v. GPCH-GP Inc.*, 931 So. 2d 1274, 1276-77 (¶¶9-11) (Miss. 2006). Applying these provisions, there is no dispute that *Campbell v. Glover* was timely filed within the two-year statute of limitations.

[2] *See Keller v. Bennett*, 103 So. 3d 747, 752 (¶¶19-20) (Miss. Ct. App. 2012) (holding that counsel for a deceased party may file a suggestion of death). Because the trial court and the parties referred to numerous filings in Campbell's medical malpractice action, we take

3

suggestion of death stated:

> Pursuant to Section 15-1-69 of the Mississippi Code . . . , Plaintiff's attorneys give Notice of the Death of Linda Fay Campbell. Intention is that within one year from the date of her Death . . . , an Amended Complaint will be filed by her Estate and her wrongful death beneficiaries pursuant to the rights and legal remedies provided by § 11-7-13 of the Mississippi Code . . . .

¶7. Mississippi Rule of Civil Procedure sets out the procedure for substituting the representatives of a deceased party:

> If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . . *The action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record* . . . .

M.R.C.P. 25(a)(1) (emphasis added).

¶8. No further action was taken in the case until December 2017, when Campbell's daughter, Torrie Campbell Knight, by and through Campbell's attorney, filed a "Motion to Revive Action and Substitute Parties Pursuant to Rule 25 of the Mississippi Rules of Civil Procedures." Knight filed the motion on behalf of Campbell's wrongful death beneficiaries.[3] The motion stated in part:

> Pursuant to Section 15-1-69 of the Mississippi Code . . . , Notice of [Campbell's] Death was served on the Defendants on April 28th, 2017.

> Pursuant to Section 11-7-13 of the Mississippi Code . . . , the claims for

---

judicial notice of filings in that prior action that are readily available through the Mississippi Electronic Courts system and cannot reasonably be disputed. *See Jackson v. State*, 394 So. 3d 420, 432 (¶43) (Miss. Ct. App. 2024).

[3] As far as we know, no estate had been opened at this time. Subsequent filings indicate that Campbell's estate was opened on March 6, 2018.

> damages to . . . Campbell as alleged in the Complaint filed in this cause, flowed to her wrongful death beneficiaries . . . .
>
> . . . [T]he claims for damages to . . . Campbell should be revived pursuant to Rule 25 of the Mississippi Rules of Civil Procedure and the Wrongful Death Beneficiaries be substituted as Parties in the place of . . . Campbell . . . .
>
> Wherefore, [Knight] Moves the Court to enter an Order allowing the revival of this action, pursuant to Rule 25 of the Mississippi Rules of Civil Procedure and allow the substitution of [Campbell's] Wrongful Death Beneficiaries . . . as the parties plaintiff in this cause, and to allow the cause to proceed.

(Paragraph numbers omitted). By asking the court to "revive" the action, Knight tacitly acknowledged that she failed to file a motion for substitution within ninety days, as required by Rule 25. Tanaka and St. Dominic responded to Knight's motion, arguing that the case should be dismissed because Knight failed to file a motion to substitute within the time allowed by Rule 25. They also moved to dismiss the case *with prejudice*, arguing that the statute of limitations, Miss. Code Ann. § 15-1-36(2), now barred any claim.

¶9. On March 8, 2018, Campbell's attorneys filed a "Motion to Dismiss Action Without Prejudice Pursuant to Rule 41(a)(2) Mississippi Rules of Civil Procedure Due to the Death of the Plaintiff." The motion showed that Knight had opened Campbell's estate, had been appointed as administratrix, and had been authorized to file a claim "for medical malpractice and negligence" against Glover, St. Dominic, and Tanaka. The motion acknowledged that no motion to substitute parties had been filed within ninety days as required by Rule 25 and that the action should be dismissed *without prejudice* as a result. The motion further stated:

> However, the claim of the party is not extinguished by death . . . . A new cause of action under the wrongful death statute may be filed within one (1) year following the death pursuant to the savings statute, § 15-1-69, Mississippi Code . . . .

5

. . . .

> The Defendants will not be prejudiced by the dismissal of this cause without prejudice since very little, if any, discovery has taken place prior to [Campbell's] death . . . . All their defenses will remain intact as to the claim which may be asserted against them in a new and separate cause of action. [Mississippi Code Annotated section] 91-7-237 allow the claims which were present at the time of her death, are allowed to proceed under the Wrongful Death Statute by the Administrator or her Estate on behalf of the Wrongful Death beneficiaries. [Campbell's] claims . . . were not extinguished by her death. A new and independent cause of action is vested in her Estate for those claims under the Wrongful Death Statute.

¶10. In July 2018, the court entered an agreed judgment dismissing all claims against Tanaka *with prejudice*. The judgment stated that Knight had "made known to the Court that the plaintiff ha[d] concluded that there was no negligent action on behalf of Dr. Tanaka after a full and complete review of the [medical] records."[4]

¶11. On August 14, 2018, Campbell's attorneys filed a response to St. Dominic's motion to dismiss, arguing that Campbell's claims were not barred by the statute of limitations because they were timely filed under section 15-1-36 and could be re-filed as "wrongful death" claims pursuant to the "savings statute," section 15-1-69.

¶12. On August 15, 2018, Glover filed a joinder in St. Dominic's motion to dismiss.

¶13. On August 16, 2018, the court (Judge Winston Kidd) entered an order dismissing the case "*without prejudice* pursuant to Miss. R. Civ. P. 25." (Emphasis added). The order stated that the dismissal would "preserv[e] all viable claims of [Campbell's] wrongful death beneficiaries . . . and defenses of all Defendants to said claims."

---

[4] The court referred to Knight as a "proposed substitute plaintiff, heir-at-law, alleged wrongful death beneficiary . . . , and Administrator of [Campbell's] Estate." The court stated that it was granting Knight's "motion ore tenus."

6

¶14.    On March 9, 2018, prior to the dismissal of *Campbell v. Glover*, Knight filed a new complaint in the Hinds County Circuit Court against Glover, St. Dominic, and Tanaka.[5]  The case was initially assigned to Judge Tomie Green and later reassigned to Judge Debra Gibbs. By the time Knight filed the complaint, she had opened Campbell's estate and had been appointed administratrix of the estate.  Knight filed the complaint "individually *and as the Administratrix of* [*Campbell's*] *Estate . . .* , *and* on behalf of all wrongful death beneficiaries of . . . Campbell."  (Emphasis added).

¶15.    Relevant to this appeal, Knight's complaint alleged as follows:

> This cause of action is for wrongful death proximately resulting from Medical Negligence in the Defendants' care and treatment of [Campbell]. . . .
>
> . . . .
>
> Campbell died on March 14, 2017[,] . . . while this action was pending.  This action is brought . . . for all damages which . . . Campbell and her wrongful death beneficiaries are entitled to recover pursuant to Section 11-7-13 of the Mississippi Code . . . .  Campbell had previously brought suit against the Defendants in [*Campbell v. Glover*] in this Court.  Following her death . . . , a Suggestion of Death was filed on April 28, 2017, following which the action became abated, within 90 days following the filing of the suggestion of Death and was [subsequently] dismissed without prejudice.  Plaintiffs here are the Estate and the wrongful death beneficiaries of . . . Campbell, who, by virtue of § 11-7-13 of the Mississippi Code . . . , were and are vested with a new cause of action for her death.  This action is timely and is filed within one year following her death, so that pursuant to the provisions of § 15-1-69 of the Mississippi Code . . . (savings statute) this action is timely.

The complaint further alleged that Glover and St. Dominic's nurses breached the standard

---

[5] In July 2018, consistent with the agreed judgment in *Campbell v. Glover*, the circuit court entered an agreed judgment in *Knight v. Glover* dismissing all claims against Tanaka *with prejudice*.

of care by leaving a surgical sponge inside Campbell's body during surgery. The complaint alleged that Campbell "endured many hours of pain, suffering, mental anguish, loss of enjoyment of life and suffered the permanent loss of 1-2 feet of her small bowel as a direct and proximate result of [Glover's] negligence"; that she "incurred medical expenses . . . of at least $80,000.00"; and "[t]hat all of said damages were proximately caused by [Glover's] negligence." In the next paragraph, the complaint alleged that Glover's negligence "proximately caused" the "[p]laintiff's deceased damages." Oddly, although the complaint's earlier paragraphs vaguely alleged that the action was for "wrongful death proximately resulting from" the defendants' negligence and "a new cause of action for [Campbell's] death," the complaint did not include any specific factual allegations that any act or omission by Glover (or any other specific defendant) proximately caused Campbell's death.

¶16. Over the next six years, the parties engaged in discovery. In December 2023, Glover filed a motion for summary judgment, arguing that he was entitled to judgment as a matter of law because Knight's only designated medical expert admitted that Glover's alleged negligence did *not* proximately cause Campbell's death.[6] Moreover, Glover noted that Knight's complaint did not "contain any allegation that [the] surgery [performed by Glover] was causally connected to [Campbell's] death in 2017." Glover also argued that undisputed facts showed that he did not breach the standard of care.[7]

---

[6] Knight's expert testified in his deposition that Campbell recovered from the initial complications caused by the retained sponge and "ha[d] done well and had no long-standing issues from [the] surgical procedure."

[7] Glover argued that he complied with the standard of care and hospital policy by relying on St. Dominic's nurses to conduct a sponge count and account for all surgical

¶17.	In response to Glover's motion, Knight conceded that no act or omission by Glover proximately caused Campbell's death.[8]  However, citing the wrongful death statute (Miss. Code Ann. § 11-7-13 (Rev. 2019)),[9] the survival statute (Miss. Code Ann. § 91-7-233 (Rev. 2021)),[10] the savings statute (Miss. Code Ann. § 15-1-69),[11] and *Methodist Hospital of Hattiesburg Inc. v. Richardson*, 909 So. 2d 1066 (Miss. 2005), Knight argued that Campbell's estate and her "wrongful death beneficiaries" or "survivors" could pursue "survival claims" for the personal injuries Campbell suffered and medical expenses Campbell incurred during Campbell's lifetime.  Knight also argued that there were genuine issues of material fact for trial regarding Glover's alleged breach of the standard of care.

¶18.	In rebuttal, Glover argued that Knight's "personal injury" claims were barred because those claims were dismissed in *Campbell v. Glover* when Campbell's estate was not substituted as the plaintiff within ninety days following the suggestion of death, as required

sponges used during the surgery.

[8] The record indicates that Campbell died of wholly unrelated causes three years after Glover performed surgery on her.

[9] The wrongful death statute provides a cause of action to statutory wrongful death beneficiaries when "the death of any person" is caused by the actionable negligence of the defendant.  Miss. Code Ann. § 11-7-13.

[10] "Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted."  Miss. Code Ann. § 91-7-233.

[11] "If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, . . . and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year."  Miss. Code Ann. § 15-1-69.

by Rule 25. Glover further argued that the present suit filed by Knight was a "wrongful death suit," not a suit for Campbell's "personal injury" claims or "survival" claims.

¶19. The circuit court ruled that Knight's claims were barred by the statute of limitations. The court stated although *Campbell v. Glover* was filed within the two-year statute of limitations for medical malpractice actions, "that lawsuit was dismissed without prejudice," and "any rights for Ms. Campbell to recover for the negligent acts of Dr. Glover expired on the two-year anniversary of having the sponge removed or on October 8, 2016." The court further stated: "The instant lawsuit seeks to reinstate Ms. Campbell's personal injury lawsuit, well past the statute of limitations. . . . [T]he wrongful death statute cannot be used to accomplish[] something that had already expired." Therefore, the court granted Glover's motion for summary judgment, dismissed Knight's claims against him with prejudice, and entered a final judgment in favor of Glover pursuant to Mississippi Rule of Civil Procedure 54(b).[12] Knight filed a motion to reconsider and alter or amend the judgment pursuant to Mississippi Rule of Civil Procedure 59, which was denied, and a notice of appeal.

**ANALYSIS**

¶20. On appeal, Knight again concedes that there is no evidence that any act or omission by Glover caused Campbell's death. Knight engages in extended discussions of the history and meaning of the wrongful death statute, and she argues that, read together, the wrongful death statute, the survival statute, the savings statute, and other statutes permit her—as the

---

[12] The only other defendant remaining in the case, St. Dominic, had also moved for summary judgment, but the court had not ruled on St. Dominic's motion. While this appeal was pending, the court entered an agreed order dismissing all claims against St. Dominic with prejudice.

administratrix of Campbell's estate—to bring a "survival" claim for personal injuries that Campbell sustained during her lifetime. In response, Glover contends that Knight's "intentionally convoluted" arguments obscure the simple fact that her complaint asserted only a wrongful death claim, not a "survival" or "personal injury" claim. Glover also argues that "even assuming arguendo" that Knight's complaint included a survival or personal injury claim, that claim is now barred by the statute of limitations.

¶21. The issue in this appeal is not as complicated as the parties have made it. Knight has no viable claim against Glover under the wrongful death statute because, as Knight concedes, there is no evidence that any act or omission by Glover proximately caused Campbell's death. Accordingly, this appeal really does not have anything to do with the wrongful death statute. The dispositive issue in this appeal is simply whether, under our notice pleading standards, Knight's complaint adequately pled a survival claim for personal injuries sustained by Campbell during her lifetime. Under the Supreme Court's decision in *Richardson*, we are bound to conclude that Knight's complaint adequately pled a survival claim. *Richardson*, 909 So. 2d at 1072 (¶13). In addition, for the reasons explained below, Knight's survival claim is not barred by the statute of limitations.[13]

## I. Knight's complaint adequately pled a survival claim.

¶22. As this Court has explained, it is "clear" that it is "proper" for an "estate administrator to assert both a wrongful death action and a survival action" in the same complaint. *In re Est. of England*, 846 So. 2d 1060, 1069 (¶29) (Miss. Ct. App. 2003). That is a safe and

---

[13] We review an order granting summary judgment based on the statute of limitations de novo. *McMorris v. Tally*, 163 So. 3d 289, 291 (¶9) (Miss. 2015).

prudent course of action because such a complaint will permit the deceased's wrongful death beneficiaries to recover if the proof shows that a defendant's tortious conduct caused the deceased's death and, in the alternative, will permit the estate to recover if the proof shows that a defendant's tortious conduct did *not* cause the death but did cause personal injuries and damages during the deceased's lifetime. *Id.* Knight filed the instant complaint in her capacity as the administratrix of Campbell's estate. The question remains, however, whether Knight's complaint pled a survival claim or only a wrongful death claim. On this issue, we conclude that the Supreme Court's decision in *Richardson* is controlling.

¶23. In *Richardson*, the decedent's daughter filed a wrongful death complaint against the defendant-hospital. *Richardson*, 909 So. 2d at 1067 (¶2). She filed suit "individually and on behalf of [her mother's] wrongful death heirs." *Id.* "There was no separate claim asserted by [her mother's estate], and it [was] without dispute that no estate had been opened at the time the suit was commenced." *Id.* The complaint alleged that the hospital's negligence proximately caused the decedent's death and sought damages for her pain and suffering, medical and hospital expenses, and wrongful death damages. *Id.* at 1068 (¶2). The circuit court granted summary judgment in favor of the hospital because there was no competent evidence that its alleged negligence proximately caused the decedent's death, and the Mississippi Supreme Court affirmed on that issue. *Id.* "[H]owever, [the Supreme Court also] determined that although the survival statute was not specifically pleaded in the complaint, the pleadings did set out two separate causes of actions." *Id.* The Court held that there was "a genuine issue of material fact requiring a trial on [the plaintiff's] separate cause

of action for [her mother's] pain and suffering"; therefore, the Court reversed in part and remanded the case to the circuit court for a jury trial on that "remaining claim." *Id.*

¶24.    On remand, the hospital filed a motion to dismiss or for summary judgment, arguing that the wrongful death beneficiaries were not proper plaintiffs in a survival action, and the circuit court granted that motion. *Id.* at (¶3). The daughter then opened her mother's estate and filed an amended complaint on behalf of her mother's wrongful death heirs *and her mother's estate. Id.* at 1068-69 (¶4). The amended complaint expressly alleged a "survival claim." *Id.* The circuit court allowed the plaintiff to proceed on her amended complaint and survival claim, and the Supreme Court affirmed on interlocutory appeal. *Id.* at 1069-70 (¶¶5-7). The Supreme Court held that "though the survival statute was not specifically cited in the [original] complaint," the original complaint sufficiently pled a survival claim "under our system of notice pleadings." *Id.* at 1070 (¶9) (footnote and other brackets omitted). The Court stated that its "decision simply allow[ed] *the pain and suffering element*, which was specifically pleaded in the original complaint in the case . . . , to remain viable." *Id.* at 1072 (¶13) (emphasis added). The Court held that the original complaint sufficiently pled a survival claim even though the only proper party to bring such a claim—the decedent's estate—did not even exist at that time. *See id.* at 1067, 1070 (¶¶2, 7). In addition, the Court found that the original complaint sufficiently pled a survival claim even though that claim apparently was not pled with any degree of clarity. As the circuit court in *Richardson* put it, "the Mississippi Supreme Court divined a survival *claim* in the pleadings" that "managed to lay hidden even to the *drafter* of those pleadings." *Id.* at 1069 (¶5).

13

¶25. Applying *Richardson*'s holding and reasoning, we conclude that we are likewise bound to "allow[] the pain and suffering element, which was specifically pleaded in the original complaint in the case . . . , to remain viable." *Id.* at 1072 (¶13).[14] Here, Knight filed the instant complaint "individually *and as the Administratrix of* [*Campbell's*] *Estate* . . . , *and* on behalf of all [of Campbell's] wrongful death beneficiaries." (Emphasis added). In this respect, Knight's complaint is superior to the original complaint in *Richardson*. Unlike *Richardson*, Knight's complaint was filed by the proper plaintiff for a survival claim—the decedent's estate. In addition, Knight's complaint alleges that Campbell "endured many hours of pain, suffering, mental anguish, loss of enjoyment of life and suffered the permanent loss of 1-2 feet of her small bowel as a direct and proximate result of [Glover's] negligence"; that Campbell "incurred medical expenses . . . of at least $80,000.00"; and "[t]hat all of said damages were proximately caused by [Glover's] negligence." These are exactly the kinds of damages for pain, suffering, and medical expenses that the decedent's estate may pursue in a survival action. Under *Richardson*, we are required to "allow[] the pain and suffering element, which was specifically pleaded in the original complaint in the case . . . , to remain viable" despite the complaint's failure to cite the survival statutes or more clearly or distinctly set out a separate survival claim. *Richardson*, 909 So. 2d at 1072 (¶13).

## II. The survival claim is not barred by the statute of limitations.

¶26. We also conclude that Knight's survival claim is not barred by the statute of limitations. There is no dispute that the complaint in *Campbell v. Glover* was timely filed

---

[14] "This Court is, of course, bound to follow Mississippi Supreme Court precedent." *Murphy v. William Carey Univ.*, 382 So. 3d 1181, 1185 n.4 (Miss. Ct. App. 2024).

14

within the statute of limitations. *See supra* note 1. As set out above, following Campbell's death, the circuit court "dismissed" that case "without prejudice pursuant to [Mississippi Rule of Civil Procedure] 25." Rule 25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party . . . . *The action shall be dismissed without prejudice as to the deceased party if the motion for substitution is not made within ninety days after the death is suggested upon the record . . . .*

(Emphasis added). In addition, Mississippi Code Annotated section 15-1-69 provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form, . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit, and his executor or administrator may, in case of the plaintiff's death, commence such new action, within the said one year.

¶27. There is no dispute that Campbell's original medical malpractice action was "duly commenced within the time allowed," i.e., within the two-year statute of limitations. *See supra* note 1. Moreover, when that action was dismissed pursuant to Rule 25, the action was "abated" or "otherwise avoided or defeated" by Campbell's "death." Therefore, under section 15-1-69, Campbell's estate had one year following the dismissal of Campbell's complaint to commence "a new action for the same cause" of action. Knight filed her complaint in this case within one year of the dismissal of *Campbell v. Glover*. Accordingly, Knight's complaint was timely under section 15-1-69.

¶28. Glover argues that section 15-1-69 does not save Knight's complaint because Knight did not open an estate and timely file a motion to substitute pursuant to Rule 25 in *Campbell*

15

*v. Glover*.  Glover argues that *Campbell v. Glover* was not "abated" due to Campbell's "death."  Rather, Glover argues, *Campbell v. Glover* was defeated because Knight failed to comply with Rule 25.  We disagree.  The original action was abated because Campbell died.  Moreover, pursuant to Rule 25, that action was dismissed *without prejudice*, which permitted Knight to commence a new action within one year.[15]

**CONCLUSION**

¶29.   Knight's complaint adequately pled a survival claim under the Supreme Court's decision in *Richardson*.  In addition, Knight's complaint was timely filed within one year pursuant to the savings statute, Miss. Code Ann. § 15-1-69.  Therefore, the circuit court erred by granting Glover's motion for summary judgment.  The order granting summary judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

¶30.   **REVERSED AND REMANDED.**

**WESTBROOKS, McDONALD, LAWRENCE, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.  EMFINGER, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, C.J., CARLTON, P.J., AND McCARTY, J.**

**EMFINGER, J., DISSENTING:**

---

[15] Citing *Clark Sand Co. v. Kelly*, 60 So. 3d 149, 162 (¶45) (Miss. 2011), and *Empire Abrasive Equipment Corp. v. Morgan*, 87 So. 3d 455, 464 (¶30) (Miss. 2012), Glover also argues that Knight's complaint cannot benefit from the savings statute because her wrongful death action was "separate and distinct" from Campbell's prior personal injury action.  However, in both *Clark Sand* and *Empire Abrasive*, the Supreme Court held that the plaintiff could not assert survival-type personal injury claims "*because* [*the plaintiff*] *had not yet been appointed* [*the decedent's*] *executrix when she filed suit*."  *Clark Sand Co.*, 60 So. 3d at 162 (¶45) (emphasis added); *accord Empire Abrasive Equip. Corp.*, 87 So. 3d at 464 (¶30).  In contrast, Knight had been appointed as administratrix of Campbell's estate when she filed suit and, therefore, had standing to assert survival claims on behalf of the estate.  Accordingly, *Clark Sand* and *Empire Abrasive* are distinguishable.

16

¶31. Based upon statements in pleadings in the original medical negligence action, the language of the complaint and other pleadings here, I cannot find that the drafters of the instant complaint intended to include a separate survival claim, or that they did so unintentionally. I would find that the instant complaint expressly claims that Campbell's death was caused by medical negligence and that the damages sought were based solely upon that claim. Just because years after the filing of the complaint the Appellant's expert determined that Campbell's death was not caused by medical negligence, a separate claim for medical negligence, which had been voluntarily dismissed by the estate, was not magically resurrected and grafted into the wrongful death complaint.

¶32. The wrongful death complaint filed in this cause on March 9, 2018, states in part:

> **This cause of action is for wrongful death proximately resulting from Medical Negligence in the Defendants' care and treatment of Linda Fay Campbell**, now deceased. . . .This action is brought against the Defendants for all damages which Linda Fay Campbell and her wrongful death beneficiaries are entitle[d] **to recover pursuant to Section 11-7-13 of the Mississippi Code of 1972**. . . . **Plaintiffs here are the Estate and wrongful death beneficiaries of Linda Fay Campbell, who, by virtue of §11-7-13 of the Mississippi Code of 1972, were and are vested with a new cause of action for her death.** This action is timely and is filed within one year following her death, so that pursuant to the provisions of §15-1-69 of the Mississippi Code of 1972 (savings statute) this action is timely. . . . **Wherefore, pursuant to §11-7-13 of the Mississippi Code of 1972, Plaintiff, individually and on behalf of all wrongful death beneficiaries of Linda Fay Campbell, demands judgment against the Defendants in dollar amounts to be fixed by the Jury**.

(Emphasis added).

¶33. The complaint expressly states that it is brought under the authority of the wrongful death statute. The complaint also clearly alleges that Dr. Glover's medical negligence caused

17

Campbell's death. However, several years later in 2023, the plaintiffs conceded that Dr. Glover's acts *did not cause* Campbell's death. They argue on appeal that the trial court erred by not allowing them to pursue damages as a separate claim for medical negligence as a part of the wrongful death action.

¶34.    In *Clark Sand Co. v. Kelly*, 60 So. 3d 149, 161 (¶42) (Miss. 2011), the supreme court explained:

> An action for wrongful death includes the decedent's "survival-type" claims, such as claims for his or her personal injury, property damage, and medical and funeral expenses, and the wrongful-death claimants' so called "wrongful-death" claims, such as loss of consortium, society, and companionship. *Caves v. Yarbrough*, 991 So. 2d 142, 148-49 (Miss. 2008).

Both the language of section 11-7-13 and caselaw make it clear that such "survival type" claims can only be included in a wrongful death action if the negligent act caused the death. In *In re Estate of England*, 846 So. 2d 1060, 1068 (¶26) (Miss. Ct. App. 2003), cited by the majority, this Court explained:

> When the same wrongful conduct causes both personal injury and death, at the instant of death, the recovery for the personal injury is embraced by the "one suit" for wrongful death and is not actionable by the estate under the survival statute. *Id.*; Miss. Code Ann. § 11-7-13 (Supp. 2002). Thus, it is definite that, if Rezulin proximately caused Betty England's death, any damages for Betty's personal injuries from Rezulin must be recovered in an action for wrongful death, and could not be recovered by the estate under the survival statute.
>
> **On the other hand, it is definite that if Rezulin did not proximately cause Betty's death, there could be no recovery for the heirs under the wrongful death statute.** *Wilks v. American Tobacco Co.*, 680 So. 2d 839, 843 (Miss. 1996); *Berryhill v. Nichols*, 171 Miss. 769, 774, 158 So. 470, 471 (1935).

(Emphasis added). *See also Crawford ex rel. Hodge v. E. Miss. State Hosp. Inc.*, 397 So. 3d 871, 880 (¶¶27-29) (Miss. Ct. App. 2024); *Miss. Valley Silica Co. v. Barnett*, 227 So. 3d

1102, 1109-10 (¶12) (Miss. Ct. App. 2016); *Empire Abrasive Equip. Corp. v. Morgan*, 87 So. 3d 455, 461-62 (¶24) (Miss. 2012); *Kinsey v. Pangborn Corp.*, 78 So. 3d 301, 306 (¶12) (Miss. 2011); *Caves v. Yarbrough*, 991 So. 2d 142, 149-50 (¶29) (Miss. 2008). Because the plaintiffs conceded that any negligence by Dr. Glover did not cause Campbell's death, there can be no recovery under the wrongful death statute.

¶35.    The Appellants contend here, as they did before the trial court, that they should be allowed to proceed on a separate medical negligence claim. They argue that this claim was timely filed and the court erred by finding that it is barred by the statute of limitations. I agree with the Appellants that Campbell's claim for medical negligence, filed before her death, did not die with her and that the instant wrongful death complaint was timely filed.[16] However, the issue becomes whether the instant complaint includes a separate claim for medical negligence. *See* Miss. Code Ann. §§ 91-7-233 & 91-7-237 (Rev. 2021).

¶36.    To decide this issue, we must look to the substance of the complaint to determine its nature. In *Meadows v. Blake*, 36 So. 3d 1225, 1230-31 (¶11) (Miss. 2010), the supreme court stated:

> This Court maintains that "'[a] court must look to the content of the pleading to determine the nature of the action. Substance is considered over form. . . . The label is not controlling.'" *Am. Bankers Ins. Co. of Fla. v. Booth*, 830 So. 2d 1205, 1214 (Miss. 2002) (quoting *Arnona v. Smith*, 749 So. 2d 63, 66 (Miss. 1999)).

A review of the complaint, as highlighted above, shows that the claim for relief was solely

---

[16] I also agree with the majority that should we find that the complaint here contains a valid survival claim for medical negligence, it would not be barred by the statute of limitations.

based upon the wrongful death statute. While the complaint does seek damages related to medical negligence, the complaint clearly states that the claim is based upon the plaintiff's allegation that the medical negligence caused Campbell's death. Despite the majority's contention, I find that there was no effort in the complaint to plead a separate survival claim for medical negligence, apart from the wrongful death claim. The complaint expressly claims relief pursuant to the wrongful death statute and does not set out an alternative claim for relief pursuant to either section 91-7-233 or section 91-7-237. Because of the failure to timely substitute parties under Rule 25, the prior pleadings in the original cause of action make it clear that plaintiffs felt that they were barred from pursuing a separate action for medical negligence and could only make that claim in a wrongful death action. As noted above, however, that is only possible if any such negligence caused Campbell's death.

¶37. Finally, pursuant to both Rule 25 and section 91-7-237, the Appellants had the opportunity and ability to substitute as parties in the original action. Section 91-7-237 provides as follows:

> When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator. If such executor or administrator, having been duly served with a scire facias or summons five days before the meeting of the court, shall neglect or refuse to prosecute or defend the suit, the court may render judgment in the same manner as if such executor or administrator had voluntarily made himself a party to the suit. The executor or administrator who shall become a party shall be entitled to a continuance of the cause until the next term of the court.

Miss. Code Ann. § 91-7-237. Based upon pleadings filed in the original action discussed above, it was obviously the intent of Campbell's attorneys, after her death, to follow the path

20

set out by Rule 25. At some point later, a conscious decision was made to pursue all claims in a new wrongful death complaint based upon the allegation that the medical negligence caused Campbell's death. Plaintiffs' motion filed on August 14, 2018, in the original action, five months after the complaint was filed, explains clearly that the present action was brought solely under the authority of the wrongful death statute.

¶38.    The majority finds that the 2005 *Richardson* case is controlling. I disagree for several reasons. First, this case has been cited by our appellate courts twenty times, and in none of those cases was the cite in reference to whether a complaint sufficiently pled a survival claim. Seventeen times it was cited for the authority that an appellate court can affirm a decision of a trial court even if the trial court reached the right result for the wrong reason. In the remaining three cases, the reference was to Rule 17 and real parties in interest. Second, the 2005 *Richardson* case was the second time this matter came before our supreme court.

¶39.    In *Richardson v. Methodist Hospital of Hattiesburg Inc*. (*Richardson I*), 807 So. 2d 1244 (Miss. 2002), the trial court granted summary judgment for the defendants on the plaintiff's personal injury and wrongful death claims filed by the decedent's wrongful death beneficiaries.[17] *Id*. at 1245 (¶2). On appeal, without citing the language from the complaint, the court stated:

> Though the survival statute is not specifically cited in the complaint, the pleadings in this case delineate two specific causes of action and are sufficient under our system of notice pleadings.

---

[17] An estate for the deceased had not been opened, and the estate was not a party to the action. In fact, the estate was not opened until after the supreme court reversed the grant of summary judgment as to the personal injury claim.

*Id*. at 1247 (¶13).  The court affirmed summary judgment as to the wrongful death claim, but reversed and remanded the personal injury claim for a jury trial, even though there was no party plaintiff who was entitled to bring such an action. *Id*. at 1248 (¶20). In any event, other than the blanket statement that the complaint set out two specific causes of action, we have nothing to review to determine the basis of that statement.

¶40.    Based upon this finding, the matter went back before the circuit court. The circuit court granted the defendant's motion to dismiss due to an improper party. An estate was then opened for the deceased, and an administratrix was appointed and authorized by the chancery court to pursue the personal injury claim. The administratrix then filed an amended complaint in circuit court, which alleged a survival claim. The defendant then filed a motion to strike the amended complaint and a motion for summary judgment for several reasons. In allowing the case to proceed, the circuit court ruled:

> Though the Mississippi Supreme Court divined a survival claim in the pleadings, (which managed to lay hidden even to the drafter of those pleadings), there still did not exist a party plaintiff to collect those damages. Miss. R. Civ. P. 17(a) and 19(a) do indeed speak of the "real party in interest" and joinder of a necessary party. However, this Court cannot escape drawing the necessary inference that "real party in interest" or necessary party must actually be in existence to be a real or necessary party before any applicable statute of limitations expires. "Linda Richardson, Individually and on behalf of the wrongful death heirs of Vivian Wheeless, deceased" is not the same party as "Linda Richardson, Administratrix of the Estate of Vivian Wheeless, deceased." The Estate was simply not in existence until August 7, 2002. This is not a matter of semantics but of statute. Therefore, the only way the Court can balance the Mississippi Supreme Court's February 28, 2002 opinion with Miss. Code Ann. § 91-7-233 and § 15-1-36 and allow the Estate to proceed, is to recognize the existence of a new species of plaintiff: **"The Notice Plaintiff."**

*Methodist Hosp. of Hattiesburg Inc. v. Richardson* (*Richardson II*), 909 So. 2d 1066, 1069

(¶5) (Miss. 2005). The supreme court affirmed the trial court's denial of the motion for summary judgment as to the survival claim. In this second opinion, the court referred to its decision in *Richardson I* finding that the complaint delineated "two specific causes of action." *Id*. It would seem that this statement was in error because on the second trip to the supreme court, the amended complaint was before the supreme court, not the same complaint that was present in *Richardson I*. Perhaps not, however, because we don't know if the language regarding the survival claim was the same in both versions. In any event, we still have no language from the complaint to review and compare to the complaint here.

¶41.    I would find that the instant complaint does not include a separate count or claim for medical negligence damages under the survivor statutes and that the circuit court did not err by granting summary judgment in favor of Glover in this matter.[18]

**BARNES, C.J., CARLTON, P.J., AND McCARTY, J., JOIN THIS OPINION.**

---

[18] In *Dunaway v. State*, 111 So. 3d 117, 119 (¶10) (Miss. Ct. App. 2013), this Court stated that "[i]t is well-settled law that on appeal this Court may affirm a circuit court's ruling for different reasons than those offered by the circuit court." *Campbell v. State*, 75 So. 3d 1160, 1162 (¶9) (Miss. Ct. App. 2011).